IN THE SUPREME COURT OF THE STATE OF NEVADA

IN THE MATTER OF THE PARENTAL
RIGHTS AS TO I. M. J. AND E. G. J.,
TWO MINOR CHILDREN.

No. 70612

ANTHONY J.,
Appellant,
vs.
CARRIE S.,
Respondent.

FILED

JUL 11 2017

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY___S. Young___
DEPUTY CLERK

## ORDER OF AFFIRMANCE

This is an appeal from a district court order terminating appellant's parental rights as to his two minor children. Third Judicial District Court, Lyon County; Leon Aberasturi, Judge.

To terminate parental rights, the district court must find clear and convincing evidence that (1) at least one ground of parental fault exists, and (2) termination is in the child's best interest. NRS 128.105(1); *In re Termination of Parental Rights as to N.J.*, 116 Nev. 790, 800-01, 8 P.3d 126, 132-33 (2000). Evidence of parental fault may include abandonment, parental unfitness, failure of parental adjustment, a risk of serious physical or emotional injury to the child if the child is returned to the parent, and demonstration of only token efforts. NRS 128.105(1)(b). On appeal, this court reviews questions of law de novo and the district court's factual findings for substantial evidence. *In re Parental Rights as to A.L.*, 130 Nev., Adv. Op. 91, 337 P.3d 758, 761 (2014).

17-23007

On appeal, appellant first contends that the district court erred in relying on his incarceration to determine parental fault. We have held that a parent's incarceration by itself cannot establish parental fault but must be considered along with other factors. *See In re Parental Rights as to J.L.N.*, 118 Nev. 621, 628, 55 P.3d 955, 959-60 (2002) (explaining that a parent's incarceration alone is not a sufficient reason to establish a failure to adjust but is a relevant factor along with several others including the nature of the crime, the sentence, the parent's conduct toward the child before and during incarceration, and the child's needs); *see also In re Parental Rights as to Q.L.R.*, 118 Nev. 602, 606, 54 P.3d 56, 58 (2002) (holding that a parent's incarceration alone cannot establish abandonment for purposes of terminating parental rights). Here, the district court did not rely solely on the fact of appellant's incarceration. Rather, the district court considered evidence that appellant was convicted for sale of a controlled substance in 2012, and after his release from prison in March 2014, he was arrested again in July 2014 and convicted for trafficking of a controlled substance and sentenced to serve 28 to 72 months. The district court found that even when appellant was not incarcerated, he had made insufficient efforts to establish or maintain a relationship with his two young children, and that he had been more interested in criminal activities surrounding methamphetamines than being a father. Thus, we conclude that the district court's consideration of appellant's incarceration along with other factors was not erroneous.

Appellant further contends that his criminal convictions should not be used to determine parental unfitness because they reflect past behavior and not future conduct. In determining parental unfitness, NRS 128.106(1)(f) requires the court to consider a parent's felony

conviction if the nature of the crime indicates the parent is unfit to adequately provide for the child's physical, mental, or emotional needs. In this case, the district court properly determined that the nature of appellant's crimes and the timing of his two convictions indicated that appellant could not adequately provide for the children's needs.

Appellant also contends that the district court's findings that appellant had committed acts of domestic violence against respondent were not proven by clear and convincing evidence because respondent provided no police report or conviction to support her claim. The record indicates that the district court relied on the testimony of respondent and her sixteen-year-old daughter, who had witnessed one of the acts. Although appellant denied committing the acts of domestic violence, we will not reweigh the credibility of the witnesses, as that duty rests with the trier of fact.[1] *See Castle v. Simmons*, 120 Nev. 98, 103, 86 P.3d 1042, 1046 (2004).

---

[1]Appellant also argues that the district court erroneously relied on the NRS 125C.0035 best-interest-of-the-child factors, which apply to child custody proceedings. NRS 128.105(1)(a) requires the court to consider whether a child's best interest will be served by the termination of parental rights, and NRS 128.005(2)(c) states that "[t]he continuing needs of a child for proper physical, mental and emotional growth and development are the decisive considerations in proceedings for termination of parental rights." Appellant has not shown that the district court relied on any factors that were not relevant to the children's best interests in this case.

For the reasons set forth above, we conclude that appellant's contentions are without merit and that substantial evidence supports the district court's findings of parental fault and that termination of appellant's parental rights is in the children's best interests. Accordingly, we

ORDER the judgment of the district court AFFIRMED.

_____, J.
Hardesty

_____, J.
Parraguirre

_____, J.
Stiglich

cc: Hon. Leon Aberasturi, District Judge
Law Office of Kenneth V. Ward/Dayton
Barber Law Group, Inc.
Third District Court Clerk